*file on Demand*

*Related DOJ*

Arthur Edward Ezor
Plaintiff
305 S. Hudson Avenue, Suite 300
Pasadena, CA 91101
Telephone: (626) 568-8098

FILED
2023 JAN -6 PM 3: 38
CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES
BY: _____

PAID
JAN 6 2023
Clerk, US District Court
COURT 4612

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

Case No. CV23-94-JVS(AGR)

ARTHUR EDWARD EZOR,

    Plaintiff,

v.

BETTY T. YEE, STATE BAR OF CALIFORNIA, LEAH T. WILSON, JORDAN N. WRIGHT, MELANIE O'DAY, JOSEPH DIMINO, FENGLAN LIU, KRISTEN POFAHL, ROBERT SERTNER, B J HYMES TRUST, ELLIN DAVTYAN, VANESSA HOLTON, SUZANNE GRANDT, and DOES 1 through 10, inclusive,

    Defendants.

COMPLAINT FOR DAMAGES AND EQUITABLE RELIEF

DEMAND FOR JURY TRIAL

DAMAGES: $ 10,000,000

COMES NOW Plaintiff, ARTHUR EDWARD EZOR ("EZOR"), and alleges as follows:

### PRELIMINARY ALLEGATIONS

1. Plaintiff is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California. Plaintiff is, and was at all times relevant

EZOR V. YEE

1  hereto, an adult over eighteen years old.

2. Plaintiff is informed and believes, and thereon alleges, that Defendant BETTY T. YEE ("YEE") is, and was at all times herein mentioned, an individual residing in the County of Sacramento, State of California. Plaintiff is further informed and believes, and upon such information and belief, alleges, that Defendant YEE is, and was at all times herein mentioned, Director of the Franchise Tax Board of the State of California.

3. Plaintiff is informed and believes, and thereon alleges, that Defendant STATE BAR OF CALIFORNIA ("STATE BAR") is, and was at all times herein mentioned, a public corporation under California law. Plaintiff is further advised and believes, and thereon alleges, that the principal office of Defendant STATE BAR is, and was at all times herein mentioned, in the City of San Francisco.

4. Plaintiff is informed and believes, and thereon alleges, that Defendant LEAH T. WILSON ("WILSON") is, and was at all times herein mentioned, a resident of the County of Alameda, State of California. Upon further information and belief, Defendant WILSON is, and was at all times herein mentioned, Executive Director of Defendant STATE BAR and a licensed California attorney.

5. Plaintiff is informed and believes, and thereon alleges, that Defendant JORDAN N. WRIGHT ("WRIGHT") is, and was at all times herein mentioned, an individual residing in the County of San Bernardino, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, a member of the Client Security Fund Commission ("CSFC") established, supervised, managed and operated by Defendant STATE BAR.

6. Plaintiff is informed and believes, and thereon alleges, that Defendant MELANIE O'DAY ("O'DAY") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, a member of CSFC.

7. Plaintiff is informed and believes, and thereon alleges, that Defendant JOSEPH DIMINO ("DIMINO") is, and was at all times herein mentioned, an individual residing in the County of Orange, State of California. Upon further information and belief, said Defendant is,

and was at all times herein mentioned, a member of CSFC.

8. Plaintiff is informed and believes, and thereon alleges, that Defendant FENGLAN LIU ("LIU") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, a member of CSFC.

9. Plaintiff is informed and believes, and thereon alleges, that Defendant KRISTEN POFAHL ("POFAHL") is, and was at all times herein mentioned, an individual residing in the County of Solano, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, a member of CSFC.

10. Plaintiff is informed and believes, and thereon alleges, that Defendant ROBERT SERTNER ("SERTNER") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California.

11. Plaintiff is informed and believes, and thereon alleges, that Defendant B J HYMES TRUST ("TRUST") is, and was at all times herein mentioned, a Living Trust supervised, managed and overseen by Defendant SERTNER in the County of Los Angeles, State of California, as Trustee of said Trust.

12. Plaintiff is informed and believes, and thereon alleges, that Defendant ELLIN DAVTYAN ("DAVTYAN") is, and was at all times herein mentioned, an individual residing in the County of Los Angeles, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, duly licensed as a California attorney and general counsel of Defendant STATE BAR.

13. Plaintiff is informed and believes, and thereon alleges, that Defendant VANESSA HOLTON ("HOLTON") is, and was at all times herein mentioned, an individual residing in Marin County, State of California. Upon further information and belief, said Defendant is, and was at all times herein mentioned, duly licensed as a California attorney and former general counsel of Defendant STATE BAR.

14. Plaintiff is informed and believes, and thereon alleges, that Defendant SUZANNE GRANDT ("GRANDT") is, and was at all times herein mentioned, an individual residing in the City of San Francisco, State of California. Upon further information and belief, said Defendant is,

and was at all times herein mentioned, duly licensed as a California attorney and an assistant attorney in the Office of General Counsel of Defendant STATE BAR.

15. Plaintiff is ignorant of the true names and capacities of Defendants DOES 1 through 10, inclusive, and therefore sues said Defendants by such fictitious names. Plaintiff will amend this Complaint to allege the true names and capacities of Defendants DOES 1 through 10, when this information is ascertained.

16. Plaintiff is informed and believes, and thereon alleges, that each of the DOE Defendants participated or acted in concert with the other named Defendants, and each of them. Said DOE Defendants are therefore responsible and liable in some manner for the acts, occurrences, and/or omissions alleged herein, and have thereby proximately caused damages to Plaintiff, as herein alleged.

17. Plaintiff is informed and believes, and based thereon alleges, that at all times herein mentioned, each of the Defendants was the agent, partner, or employee of each of the other Defendants. In doing the things complained of herein, each of said Defendants was acting within the course and scope of such agency, partnership, or employment. All acts and omissions alleged to have been done by Defendants, and each of them, were done with the consent, knowledge and ratification of all other Defendants.

18. On or about December 29, 2022, Defendant YEE, acting on behalf of the Franchise Tax Board of California, made a demand for payment on EZOR for the alleged amount of $ 250,613.96. Said Defendant claimed in this Demand Notice that said purported tax liability or tax debt was for alleged court ordered debt collection.

19. Said Demand Notice constitutes extrinsic fraud and is illegal, unconscionable and fraudulent, since said amount is and was not owed by EZOR. Further, said Demand Notice is against public policy. In addition, there is, and was at all times herein mentioned, no court ordered Judgment or Order upon which this amount could be owed; said amount constitutes a penal or punitive fine entitling EZOR to a jury trial to dispute the alleged indebtedness. Moreover, Defendant YEE knew, or as a reasonable person should have known, that the purported debt is and was not owed by EZOR and constitutes, upon information and belief and at all times relevant hereto, "double dipping" by Defendant SERTNER, individually and as Trustee

of TRUST. Moreover, upon information and belief, this alleged false, "retaliatory" indebtedness is being claimed because Defendant YEE and the other named Defendants are, and were at all times herein mentioned, angered by EZOR having other pending federal court litigation exposing the corruption and malfeasance of certain California state officers and employees, and further exposing them to potential significant damages and adverse equitable relief, against their interests.

20. At all times relevant hereto, and continuing to the present, EZOR notified the Franchise Tax Board and other interested parties and counsel that he disputed the alleged indebtedness.

21. Upon information and belief, Defendant GRANDT, individually and in her position and capacity as an agent, employee, attorney and/or officer of Defendant STATE BAR, recently wrongfully and unlawfully telephonically indicated to a Los Angeles-based Lavely & Singer attorney, one Melissa Lerner, employed by Defendants SERTNER and TRUST, that any FTB tax notice and purported debt or tax lien to EZOR was improper, wrongful, fraudulent and illegal. Upon further information and belief, Defendant GRANDT acknowledged to Ms. Lerner that Defendant STATE BAR and the Security Fund Commission did not expect nor require nor insist her clients, Defendants SERTNER and TRUST, reimburse, pay back or indemnify them for any and all monies tendered or paid by EZOR as agreed upon and negotiated payments or restitution to said clients. At all times relevant hereto, and continuing to the present, upon reasonable information and belief, Defendants SERTNER and TRUST had previously agreed and were obligated to reimburse the Security Fund Commission and Defendant STATE BAR for funds paid out by the Commission to them with regard to EZOR. When Defendants SERTNER and TRUST failed to do so, and continue to do so, they are defrauding EZOR and the public at large. As well, Defendant SERTNER and Defendant TRUST's actions in intentional non-payment constitute acts of moral turpitude and dishonesty—in effect, an ongoing criminal cabal—with the knowing participation of Defendants YEE, STATE BAR, GRANDT, HOLTON and DAVTYAN.

22. In addition, upon reasonable information and belief, Defendant GRANDT was involved in complicity with Defendant STATE BAR and Security Fund Commission members,

as well as Defendants SERTNER and TRUST, in taking money from EZOR under false pretenses. Plaintiff is informed and believes, and thereon alleges, that at all times relevant hereto, and continuing to the present, Defendants STATE BAR, YEE, HOLTON and DAVTYAN authorized, ratified and consented to the unlawful and wrongful acts of Defendant GRANDT, as hereinbefore alleged and described.

## FIRST CAUSE OF ACTION
## (VIOLATION OF CIVIL RIGHTS)
## (AGAINST DEFENDANTS YEE, STATE BAR, WILSON, WRIGHT, O'DAY, DIMINO, LIU, POFAHL)

23. Plaintiff refers to, and incorporates as though fully set forth herein, the preceding Paragraphs and allegations of this Complaint.

24. This is a civil rights complaint for declaratory relief, damages and other appropriate relief pursuant to 42 U.S.C. 1983 et seq. Plaintiff's civil rights have been violated, as set forth and alleged herein.

25. This Court has jurisdiction in this action pursuant to 42 U.S.C. 1983. Moreover, Plaintiff is an adult residing in this judicial district where much of the tortious, wrongful and unlawful actions alleged herein took place.

26. Plaintiff's constitutional and civil rights were violated as follows, without limitation, as alleged and described herein:

(i) EZOR has been improperly and unlawfully assessed an improper, retaliatory and discriminatory alleged indebtedness, as a direct, legal and proximate result of his exposing corruption and malfeasance in other pending federal litigation.

(ii) EZOR's rights to procedural and substantive due process and equal protection of laws, under the Fourteenth Amendment, the Fifth Amendment, the United States Constitution, the California Constitution and other applicable law, were violated by his not receiving a lawful, fair and correct assessment.

(iii) The alleged indebtedness is, and was at all times herein mentioned, illegal, unconstitutional, void, <u>ultra vires</u>, fraudulent and otherwise unsupportable, because the named

Defendants violated their oath, as state actors under authority of state law, to be fair and impartial towards EZOR, had biases and conflicts of interest or the appearance of same towards EZOR, and should have disqualified themselves.

27. The above-referenced Defendants, as state actors, acted unreasonably so as to violate EZOR's constitutionally and federally protected rights, as herein alleged and described.

28. Said Defendants, and each of them, are subject to monetary liability, because they acted unreasonably and unlawfully as state actors to harm Plaintiff. As a direct, legal and proximate result of their misconduct and unlawful, wrongful actions, as hereinbefore alleged, Plaintiff has suffered, and continues to suffer, physical and mental pain and anguish, including severe emotional distress. As stated above, such general damages sustained thereby will be ascertained, at or before trial, according to proof. General damages will be at least 5 Million Dollars, if not more.

29. Said Defendants, and each of them, in harming and injuring Plaintiff as alleged, acted with malice, fraud and oppression. Therefore, Plaintiff is entitled to an award of punitive or exemplary damages, against said Defendants and each of them, in the amount of $ 3,000,000.

30. Plaintiff is entitled to appropriate declaratory and equitable relief, declaring that his civil and constitutional rights have been violated, as aforesaid, by all the named Defendants, and each of them. In particular, EZOR is entitled to a finding that his civil and constitutional rights were violated and continue to be violated by these Defendants.

31. Plaintiff is entitled to a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction against the aforesaid Defendants, enjoining them from violating his constitutional and civil rights and assessing and enforcing the alleged indebtedness.

### SECOND CAUSE OF ACTION
### (DECLARATORY RELIEF)
### (AGAINST DEFENDANTS SERTNER AND TRUST)

32. Plaintiff refers to, and incorporates as though fully set forth herein, the preceding Paragraphs and allegations of this Complaint.

33. Plaintiff contends, and Defendants SERTNER and TRUST dispute and deny, that said Defendants are required to reimburse monies they received to appropriate government agencies related to and concerning the alleged indebtedness.

34. A judicial declaration is necessary in order to determine the conflicting contentions of the parties as set forth in the above Paragraph.

35. Accordingly, Plaintiff prays that it be adjudged and decreed that the alleged indebtedness is not owed, as claimed in Demand Notice, and that the conflicting contentions be ruled upon forthwith, in accordance with equity and justice and according to proof.

36. EZOR has standing to assert declaratory relief claims against Defendants SERTNER and TRUST due to ancillary, pendent and/or supplemental jurisdiction of this federal District Court. Federal questions of law and fact are presented jurisdictionally. In addition, EZOR has standing, since he is an injured and aggrieved party entitled to a remedy under the law. Marbury v. Madison, 5 U.S. 137 (1803).

### THIRD CAUSE OF ACTION
### (VIOLATION OF CALIFORNIA BUSINESS AND PROFESSIONS CODE, SECTIONS 1720 ET SEQ.—UNFAIR BUSINESS PRACTICES)
### (AGAINST DEFENDANTS YEE, BAR, HOLTON, SERTNER, TRUST, GRANDT AND DAVTYAN)

37. Plaintiff refers to, and incorporates as though fully set forth herein, the preceding Paragraphs and allegations of this Complaint.

38. The wrongful, fraudulent and illegal acts of Defendants YEE, BAR, SERTNER, TRUST, GRANDT AND DAVTYAN, and each of them, as herein alleged, are and constitute, and at all times relevant hereto were and constituted, unlawful and unfair business practices under California Business and Professions Code Sections 17200 et seq.

39. As a direct, legal and proximate result of the aforesaid unlawful and unfair business practices, Plaintiff has suffered general damages, according to proof.

40. The wrongful and illegal acts of the above-named Defendants, and each of them,

were done with malice, fraud and oppression. Plaintiff is therefore entitled to an award of exemplary or punitive damages, in the amount of Five Million Dollars ($ 5,000,000).

41. Pursuant to California Business & Professions Code Section 17203, Plaintiff seeks a Temporary Restraining Order, Preliminary Injunction and Permanent Injunction from this Honorable Court prohibiting said Defendants, and each of them, from continuing to engage in the unlawful and unfair business acts or practices set forth in this Complaint.

42. Plaintiff also seeks a judicial determination and declaration of the parties' rights and duties with respect to monies Defendant SERTNER and TRUST are obligated to pay the Security Fund Commission and/or Defendant STATE BAR. Furthermore, Plaintiff seeks a judicial determination and declaration that the Franchise Tax Board disputed assessment towards him is, and was at all times herein mentioned, null, void and unenforceable due to the corrupt and illegal acts of the aforementioned Defendants.

43. Plaintiff is also entitled to such other monetary and equitable relief, statutory penalties, fines, liquidated damages and reasonable attorney's fees and costs against the above-named Defendants, and each of them, according to proof, pursuant to the California Business and Professions Code, Sections 17200 et seq.

## ON FIRST CAUSE OF ACTION FOR VIOLATION OF CIVIL RIGHTS

1. For appropriate declaratory and equitable relief, and a finding that Plaintiff's civil rights have been violated by the named Defendants, and each of them.
2. For general damages against said Defendants, and each of them, according to proof.
3. For punitive damages against said Defendants, and each of them, in the amount of $ 3,000,000.
4. For reasonable attorney's fees, according to proof;
5. For costs of suit incurred herein; and
6. For such other and further relief as the Court may deem proper and just in the

premises.

ON SECOND CAUSE OF ACTION FOR DECLARATORY RELIEF

1. For a judicial determination and declaration as to the respective rights and duties of Plaintiff and the named Defendants.
2. For costs of suit incurred herein; and
3. For such other and further relief as the Court may deem proper and just in the premises.

ON THIRD CAUSE OF ACTION FOR UNLAWFUL AND UNFAIR BUSINESS PRACTICES

1. For general damages, according to proof;
2. For punitive damages, in the amount of $ 5,000,000;
3. For reasonable attorney's fees, according to proof;
4. For appropriate injunctive and equitable relief, as prayed;
5. For appropriate liquidated damages, statutory penalties, and declaratory relief, as prayed;
6. For costs of suit incurred herein; and
7. For such other and further relief as the Court may deem proper and just in the premises.

Respectfully Submitted,

Dated: January 6, 2023           BY: _____
                                 ARTHUR EDWARD EZOR
                                 Plaintiff